## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

BESS GILMORE                 :    CIVIL NO.
        Plaintiff,            :
                                   :

v.                                :
                                 :

REASSURE AMERICA LIFE        :
INSURANCE COMPANY           :
        Defendant.          :
                                 :

                                 :    JULY 26, 2005

### PETITION FOR REMOVAL

The defendant, Reassure America Life Insurance (hereinafter "the petitioner") respectfully petitions this Court as follows:

1.      The petitioner is a defendant in a civil action, having a return date of July 19, 2005, brought in the Superior Court of the State of Connecticut, Judicial District of Fairfield at Bridgeport, Connecticut. A copy of the Summons and Complaint in that action is attached hereto as **Exhibit A**.

2.      The defendant, Reassure America Life Insurance Company ("Reassure"), is an insurance corporation organized under the laws of the state of Illinois with its principal place of business in Jacksonville, Illinois.

3.      Upon information and belief, the plaintiff, Bess Gilmore, is a resident of Westport, Connecticut.

4.      The complaint was served upon the Insurance Commissioner for the State of Connecticut on July 1, 2005 as statutory agent for the defendants. The defendant did not receive the

complaint until July 5, 2005. This petition is being timely filed pursuant to 28 U.S.C. § 1446(b)

within 30 days of receipt of the initial pleading; the time for filing this petition has not expired.

5.      This petition seeks removal to federal court based upon diversity jurisdiction pursuant

to 28 U.S.C. § 1332(a).

6.      With respect to removal based upon diversity jurisdiction, the defendants represent as

follows:

a.      The parties to this action are citizens of different states, and were citizens of
        different states at the time the suit was initiated.

b.      Although the plaintiff's complaint does not specify the precise amount in
        controversy, defendants reasonably believe that the amount at issue exceeds the
        sum or value of $75,000, exclusive of interest and costs, as described below.

c.      The plaintiff alleges that she purchases a life insurance policy from a
        predecessor of Reassure having a death benefit of over $325,000. Plaintiff
        alleges that defendant wrongfully terminated the policy and otherwise refused
        and failed to reinstate Mrs. Gilmore's policy thereby depriving Mrs. Gilmore of
        the benefit of the policy. *See generally* Complaint, Count One, ¶¶ 3, 8 and 14.
        Therefore the benefit allegedly due to Mrs. Gilmore exceeds $75,000.

7.      This action is also being removed to federal court based upon federal question

jurisdiction under 28 U.S.C. § 1331.

8.      This action is being removed to this Court as plaintiff's claim is for the reinstatement

of a life insurance policy which has been provided to Gilmore by and through her employer,

Community Club Awards, Inc., as part of its employee welfare benefit plan governed by the

Employee Retirement Security At of 1974, as amended ("ERISA"), 29 U.S. C. § 1001, et seq.

9.      Although at 82 years of age, Gilmore may be retired from her employment, defendant

notes that policies derived from ERISA plans continue to be governed by ERISA even after

conversion upon termination of employment. See *Varner v Cigna,* 182 F3d 930 (9th Cir. 1999); *see also, Painter v Golden Rule Ins. Co.,* 121 F3d 436 (8th Cir. 1997); *White v Provident Life & Acc. Ins. Co.,* 114 F3d 26 (4th Cir. 1997); *Glass v United of Omaha Life Ins.Co.,*33 F3d 1341 (11th Cir. 1994). Additionally, if Gilmore's claim is that she was unable to maintain her policy because the employer or the insurer failed somehow to comply with their ERISA obligations the case is governed by ERISA. See *Howard v. Gleason Corp.,* 901 F.2d 1154 (2d Cir. 1990).

    10.    ERISA preempts the state law claims against Reassure alleged in plaintiff's complaint and provides the exclusive federal remedies for resolution of benefit claims by employee benefit plan participants and beneficiaries. ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B). See *Pilot Life Ins. Co. v. Dedeaux*, 482 U.S. 41 (1987). A cause of action filed in state court which is preempted by ERISA and falls within the scope of 29 U.S.C. § 1132(a)(1) is removable to federal court under 28 U.S. C. § 1331(b) as an action arising under federal law, even though the ERISA nature of the claim does not appear on the face of the complaint. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987).

    11.    This action, therefore, is one which may be removed to this Court pursuant to 28 U.S.C. § 1441(a) and (b) because this Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132.

    12.    Venue is proper pursuant to 28 U.S.C. § 1441(a) and also 9 U.S.C. § 4.

    13.    Pursuant to 28 U.S.C. § 1446(d), defendant has notified said Superior Court of the State of Connecticut of the filing of this petition. A copy of the Notice of Removal filed in the Superior Court is attached hereto as **Exhibit B**.

**WHEREFORE,** pursuant to the provisions of 28 U.S.C. Sections 1441 and 1446, defendants

request that this action be removed from the Superior Court of the State of Connecticut for the

Judicial District of Fairfield at Bridgeport and henceforth proceed in this Court.

DEFENDANT
REASSURE AMERICA LIFE INSURANCE
COMPANY

By: _Helen M. Kemp_
      Helen M. Kemp (ct14790)
      Robinson & Cole LLP
      280 Trumbull Street
      Hartford, CT  06103-3597
      Tel. No.: (860) 275-8200
      Fax No.: (860) 275-8299
      E-mail:  hkemp@rc.com

## CERTIFICATION

This is to certify that a copy of the foregoing Petition for Removal was sent by *certified mail, return receipt requested,* on this 26th day of July 2005, to:

Douglas Gilmore, Esq.
11 Harding Lane
Westport, CT  06880

Helen M. Kemp

- 5 -

A

## State of Connecticut
## OFFICE OF INSURANCE COMMISSIONER

P.O. BOX 816
HARTFORD, CT 06142-0816

This is to certify that the foregoing is a copy of a process served upon me, a person in the office of the Insurance Commissioner of Connecticut, designated by him, pursuant to the statute in such cases made and provided, as one upon whom, in his absence, service of process may be made, upon an insurance company, corporation or association, with the same force and effect as though made on such commissioner personally.

July 1, 2005     at                    2:32  p.m.   *Susan F. Cogswell*

*Insurance Commissioner*



## State of Connecticut
## OFFICE OF INSURANCE COMMISSIONER

P.O. BOX 816
HARTFORD, CT 06142-0816

REASSURE AMERICA LIFE INS CO          ............Secretary,
1275 SANDUSKY ROAD
JACKSONVILLE IL  62650          ....

....................................................................................

Pursuant to the statute in such cases made and provided, I forward herewith a copy of the process served as set forth in the certificate thereto attached.

Respectfully yours,

*Susan F. Cogswell*

*Insurance Commissioner*

Form 1

**SUMMONS - CIVIL**
Excep t Family Actions)
D-CV-1 Rev 1-2000
G.S. § 51-346 51-347, 51-349, 51-350, 52-45a,
2-48 52-259, P B Secs 3-1 thru 3-2*, 3-1

STATE OF CONNECTICUT
**SUPERIOR COURT**
www.jud.state.ct.us

7003 1010 0004 4836 0384

7-1-05 3:32pm

**INSTRUCTIONS**
Type or print legibly  sign original summons and conform all copies of the summons.
Prepare or photocopy conformed summons for each defendant
Attach the original summons to the original complaint, and attach a copy of the summons to each copy of the complaint. Also, if
there are more than 2 plaintiffs or 4 defendants prepare form JD-CV-2 and attach it to the original and all copies of the complaint.
After service has been made by a proper officer, file original papers and officer's return with the clerk of court
The party recognized to pay costs must appear personally before the authority taking the recognizance.
Do not use this form for actions in which an attachment, garnishment or replevy is being sought. See Practice Book Section 3-1
for other exceptions.

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby
commanded to make due and legal service of this Summons and attached Complaint.

"X" ONE OF THE FOLLOWING.
Amount, legal interest or property in
demand, exclusive of interest and
costs is:
- [ ] less than $2,500
- [ ] $2,500 through $14,999 99
- [X] $15,000 or more
- [ ] ("X" if applicable)
  Claiming other relief in
  addition to or in lieu of money
  or damages.

RETURN DATE (Mo., day, yr)
(Must be a Tuesday) **7-19-05**

| | AT (Town in which writ is returnable) (C.G.S. 51-346, 51-349) | CASE TYPE (See JD-CV-1c) | |
|---|---|---|---|
| [X] JUDICIAL DISTRICT | Bridgeport | Major **T** | Minor **90** |
| [ ] HOUSING SESSION   [ ] GA NO. | | | |

ADDRESS OF COURT CLERK WHERE WRIT AND OTHER PAPERS SHALL BE FILED (No., street, town and zip code) (C.G.S. 51-346, 51-350)
**1061 Main Street, Bridgeport, CT 06604**

TELEPHONE NO. (with area code)
**203-579-6527**

| PARTIES | NAME AND ADDRESS OF EACH PARTY    NOTE: Individuals' Names:<br>(No., street, town and zip code)    Last, First, Middle initial | [ ] Form JD-CV-2 attached | PTY<br>NO. |
|---|---|---|---|
| FIRST NAMED<br>PLAINTIFF | Gilmore, Bess    11 Harding Lane, Westport, CT 06880 | | 01 |
| Additional<br>Plaintiff | | | 02 |
| FIRST NAMED<br>DEFENDANT | Reassure America Life Insurance Company    1275 Sandusky Road, | | 50 |
| Additional<br>Defendant | Jacksonville, IL 62650 | | 51 |
| Additional<br>Defendant | c/o Agent for Service: Insurance Commissioner, Insurance Department,<br>State of Connecticut, 153 Market Street, Hartford, CT 06103 | | 52 |
| Additional<br>Defendant | | | 53 |

## NOTICE TO EACH DEFENDANT

1. YOU ARE BEING SUED.
2. This paper is a Summons in a lawsuit.
3. The Complaint attached to these papers states the claims that
   each Plaintiff is making against you in this lawsuit.
4. To respond to this Summons, or to be informed of further proceedings,
   you or your attorney must file a form called an "Appearance" with the
   Clerk of the above-named Court at the above Court address on or
   before the second day after the Return Date.
5. If you or your attorney do not file a written "Appearance" form on time,
   a judgment may be entered against you by default.

6. The "Appearance" form may be obtained at the above
   Court address.
7. If you believe that you have insurance that may cover the
   claim that is being made against you in this lawsuit, you
   should immediately take the Summons and Complaint to
   your insurance representative.
8. If you have questions about the Summons and Complaint,
   you should consult an attorney promptly   The Clerk of
   Court is not permitted to give advice on legal questions.

| DATE<br>6-28-05 | SIGNED (Sign and "X" proper box)<br>Douglas Gilmore | [X] Comm. of Superior Court<br>[ ] Assistant Clerk | TYPE IN NAME OF PERSON SIGNING AT LEFT<br>Douglas Gilmore |
|---|---|---|---|

FOR THE PLAINTIFF(S) PLEASE ENTER THE APPEARANCE OF:

| NAME AND ADDRESS OF ATTORNEY, LAW FIRM OR PLAINTIFF IF PRO SE (No., street, town and zip code)<br>Douglas Gilmore    11 Harding Lane, Westport, CT 06880 | TELEPHONE NUMBER<br>203-226-6277 | JURIS NO (if any or law firm)<br>100032 |
|---|---|---|
| NAME AND ADDRESS OF PERSON RECOGNIZED TO PROSECUTE IN THE AMOUNT OF $250 (No., street, town and zip code)<br>Keith Gilmore    11 Harding Lane, Westport, CT 06880 | SIGNATURE OF PLAINTIFF IF PRO SE | |

| # PLFS | # DEFS | # CNTS | SIGNED (Official taking recognizance, "X" proper box)<br>Douglas Gilmore | [X] Comm. of Superior Court<br>[ ] Assistant Clerk | For Court Use Only |
|---|---|---|---|---|---|
| 1 | 1 | 13 | | | FILE DATE |

IF THIS SUMMONS IS SIGNED BY A CLERK:
a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law
c. The Clerk is not permitted to give any legal advice in connection with any lawsuit
d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any
   errors or omissions in the Summons, any allegations contained in the Complaint, or the service thereof.

**ATTEST:
A TRUE COPY**

CHARLES J. LILLEY
CONNECTICUT MARSHAL
HARTFORD COUNTY

| I hereby certify I have read<br>and understand the above | SIGNED (Pro Se Plaintiff) | DATE SIGNED | DOCKET NO |
|---|---|---|---|

RETURN DATE: JULY 19, 2004       :      SUPERIOR COURT

BESS GILMORE                :      JUDICIAL DISTRICT OF
                                         FAIRFIELD

VS.                                :      AT BRIDGEPORT

REASSURE AMERICA LIFE INSURANCE   :      JUNE 28, 2004
COMPANY

## COMPLAINT

### COUNT ONE

### VIOLATION OF CONNECTICUT UNFAIR TRADE PRACTICES ACT,

### SECTIONS 42-110a, ET SEQ.

1.      The plaintiff Bess Gilmore ("Mrs. Gilmore") is an 82-year-old widow residing

at 11 Harding Lane, in Westport, Connecticut.

2.      The defendant Reassure America Life Insurance Company ("Reassure") is a

corporation engaged in the business of administering life insurance polices, with corporate

offices at 1275 Sandusky Road, Jacksonville, IL 62650.

3.      In 1986, a life insurance policy upon the life of Mrs. Gilmore ("policy") was

purchased from Maccabees Mutual Life Insurance Company ("Maccabees"). Upon

-1-

information and belief, the death benefit at age 83 of the insured is $326,577.96

4. On June 26, 2000, Mrs. Gilmore received a letter from Maccabees that effective October 1, 1999, it had changed its name to Reassure. At all times relevant hereto, Reassure had legal responsibility for the administration of the policy, and collection of all premiums thereto. At all times relevant hereto, Mrs. Gilmore was owner of the policy.

5. Upon information and belief from 1987 through 2002, Mrs. Gilmore's premium payments were in the same amount $1,721.43. For years, Mrs. Gilmore continued to be billed the premium amount $1,721.43, which Mrs. Gilmore relied upon as her required premium payment.

6. Reassure sent Mrs. Gilmore a letter entitled "Notice of Non Payment of Premium" dated September 2, 2002, stating that an amount of $987.68 was due. However, in a separate telephone call with Reassure, Mrs. Gilmore was informed she must pay $2,513.41 to reinstate her policy without any explanation in writing as to why such an amount was due, when only $987.68 was demanded. Still, Mrs. Gilmore made the payment of $2,513.41 as demanded by Reassure.

7. In a letter dated October 14, 2002, Reassure acknowledged Mrs. Gilmore's payment in the amount of $2,513.41 as referenced in paragraph 6 herein, and stated that Mrs. Gilmore was paid through September, 2002. This letter also stated that the quarterly

*Douglas Gilmore* ◇
*Attorney at Law*
*1 Harding Lane*
*Westport, Ct. 06880*
*(203)226-6277* ◇

-2-

payment in the amount of $1,721.43 was due for fourth quarter 2002. Such payment was made by Mrs. Gilmore during that quarter.

8.     Mrs. Gilmore received no further communication from Reassure until Reassure's letter dated January 2, 2003 ("termination notice"), in which Reassure terminated Mrs. Gilmore's policy.

9.     At the time of the termination notice Mrs. Gilmore's payments were completely paid up and current; at the time of the termination notice Mrs. Gilmore had no outstanding payments due on the policy based upon Reassure's own representations;  at the time of the termination notice Mrs. Gilmore had complied with all payment requests demanded in Reassure's letters of September 2, 2002 and October 14, 2002 referenced herein; and at the time of the termination notice Mrs. Gilmore had not received any bill or other notice for the first quarter, 2003 premium.

10.     Reassure in its termination notice falsely stated that it had previously sent recent correspondence regarding the status of the policy to which Reassure falsely alleged it had received no response from Mrs. Gilmore.

11.     Upon receipt of the termination notice, Mrs. Gilmore immediately contacted Reassure. Mrs. Gilmore was informed that the termination was a mistake, a clerical error, and that her policy would be reinstated.

-3-

Douglas Gilmore ◇
Attorney at Law
4 Harding Lane
Westport, Ct. 06880
(203) 226-6277 ◇

12.    In a subsequent letter by Reassure dated January 13, 2003, 11 days after the termination notice, Reassure stated that "all past due premiums must be paid", which Mrs. Gilmore had paid and was current at the time of the termination notice. Further, Mrs. Gilmore had received no bill for any premiums due at the time of the termination notice, and no such premium was past due. Further, Reassure demanded a remittance of $3,175.18 without explanation, itemization, documentation or accountability, with reinstatement still contingent on "a statement of insurability". However, Reassure in that same letter requested Mrs. Gilmore agree to a premium increase to only $2,012.52 while stating such premium increase would not take effect until April, 2003, while Mrs. Gilmore had months earlier received the termination notice.

13.    Reassure failed to reinstate Mrs. Gilmore's policy.

14.    Reassure terminated Mrs. Gilmore's policy due to her age, 80 that month of January 2003, and wilfully and maliciously failed prior to the termination notice to bill Mrs. Gilmore for any premium payment or other payment, or to permit Mrs. Gilmore to make any premium payment or other payment.

15.    Subsequent to Reassure's termination notice, Mrs. Gilmore objected and complained both by letter and telephone demanding reinstatement of her policy.

-4-

16.     Reassure unlawfully and tortiously demanded that Mrs. Gilmore at 80, and having sustained a heart attack and two angioplasties since 1997, submit to a test of "insurability and underwriting approval" for consideration of reinstatement. Mrs. Gilmore objected to these conditions as unlawful, discriminatory, bad faith and an act of willful and wanton misconduct.

17.     Reassure made conflicting, inaccurate, improper and unlawful demands for payments in the organs of interstate commerce, including a request of four different and conflicting amounts from September 2, 2002 through October 14, 2002. Such demands are unlawful, discriminatory, bad faith and acts of willful and wanton misconduct.

18.     Reassure's administration of the policy and termination notice are contrary to law, discriminatory, bad faith and acts of willful and wanton misconduct.

19.     In communications with Reassure subsequent to the termination notice, representatives of Reassure encouraged Mrs. Gilmore to make further payments to possibly reinstate her policy, but of conflicting amounts. On June 4, 2003, Mrs. Gilmore made the first and second quarterly premiums for 2003 of $1,721.43, the premium amount Mrs. Gilmore had paid for years. This totaled $3,442.86, and paid the policy through June 30, 2003, although Mrs. Gilmore had been purportedly uninsured according to Reassure's termination notice dated January 2, 2003.

-5-

20.   Reassure refused to reinstate Mrs. Gilmore's policy, yet still unlawfully retained both quarterly premiums totaling $3,442.86 referenced in paragraph 19 herein. Reassure secured and retained premiums for insurance coverage not provided.

21.   In a letter dated April 4, 2003, Mrs. Gilmore's insurance agent which upon information and belief had serviced the policy, Heritage Benefit Consultants, Inc.("Heritage"), wrote Reassure regarding the termination of Mrs. Gilmore's policy. This letter under the signature of Mr. Rocco D. Marciano, President of Heritage, informed Reassure of the impropriety of its action, specifically that Mrs. Gilmore had not received proper notice, and the refusal to reinstate her policy to be improper.

22.   Reassure failed to lawfully provide proper information relative to the policy as administered and implemented by Reassure, and in fact misled Mrs. Gilmore as to the policy's requirements as administered and implemented by Reassure.

23.   Reassure's conduct as alleged herein in this Complaint constitutes conduct which is illegal, willful and wanton, malicious, deceptive, deceitful, unfair, oppressive, outrageous, and a violation of public policy. Reassure's conduct also constitutes misrepresentation, upon which statements and conduct Mrs. Gilmore relied upon to her detriment. Reassure engaged in a course of conduct to collect increased fees through the use of abusive, harassing, deceptive and/or misleading misrepresentations, device and/or practice to collect and/or

Douglas Gilmore ◇
Attorney at Law
'1 Harding Lane
Westport, Ct. 06880
(203 )226-6277 ◇

-6-

attempt to collect an alleged debt in violation Connecticut General Statutes § 36a-646.

24.   Reassure's conduct as alleged herein in this Complaint offends public policy as it has been established by statutes and the common law; and/or Reassure's aforementioned conduct is immoral, unethical, oppressive or unscrupulous; and/or Reassure's aforementioned conduct would cause substantial injury to consumers, and did cause substantial injury to plaintiff.

25.   Reassure's conduct as alleged herein in this Complaint constitutes unfair and deceptive trade acts and/or practices in violation of Connecticut General Statutes §§ 42-110a, et seq.

26.   As a result of Reassure's conduct as alleged herein in this Complaint, Mrs. Gilmore has suffered an ascertainable loss of money and/or property.

## COUNT TWO

### BAD FAITH

1.   The plaintiff repeats and realleges paragraphs 1 through 26 as recited in Count One as though fully set forth herein.

27.   Reassure has engaged in tortious bad faith by its failure to exercise reasonable care in its representations and conduct toward Mrs. Gilmore as to Reassure's administration and termination of the policy.

-7-

28.     As a result of Reassure's aforementioned conduct, Mrs. Gilmore has suffered an ascertainable loss of money and property.

## COUNT THREE

### WILLFUL AND WANTON MISCONDUCT

1.     The plaintiff repeats and realleges paragraphs 1 through 26 as recited in Count One as though fully set forth herein.

27.     Reassure has engaged in a course of conduct that is willful, wanton and malicious towards the just rights and property of Mrs. Gilmore.

28.     Reassure's conduct establishes a reckless disregard for the property rights of Mrs. Gilmore, which Reassure knew or should have known would pose a substantial risk to the just rights and property of Mrs. Gilmore, and that Reassure consciously disregarded the risk to Mrs. Gilmore's just rights and property.

29.     As a result of Reassure's aforementioned conduct, Mrs. Gilmore has been grievously injured in her just rights and property as the proximate cause of Reassure's willful and wanton misconduct, and as such Mrs. Gilmore has sustained damages.

30.     Plaintiff hereby states that she seeks punitive and exemplary damages for defendant's willful and wanton misconduct as part of plaintiff's remedies and claim for damages.

-8-

Douglas Gilmore
Attorney at Law
1 Harding Lane
Westport, Ct. 06880
(203)226-6277

## COUNT FOUR

## CONVERSION

1. The plaintiff repeats and realleges paragraphs 1 through 26 as recited in Count One as though fully set forth herein.

27. Reassure has engaged in conversion by termination of Mrs. Gilmore's policy and forfeiture of her payments, and has deprived Mrs. Gilmore of her property for an indefinite period of time.

28. Reassure exercised dominion and control over Mrs. Gilmore's property to the exclusion of her right, and Reassure's conduct was unlawful.

29. Reassure's conduct has substantially injured Mrs. Gilmore's property rights, and as such Mrs. Gilmore has sustained damages.

## COUNT FIVE

## BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR

## DEALING

1. The plaintiff repeats and realleges paragraphs 1 through 26 as recited in Count One as though fully set forth herein.

27. Reassure's aforementioned acts constitute a breach of the implied covenant of good faith and fair dealing.

-9-

Douglas Gilmore
Attorney at Law
11 Harding Lane
Westport Ct 06880
(203) 226-6277

28.     Mrs. Gilmore has sustained substantial injury and damages as a result of the Reassure's aforementioned acts.

## COUNT SIXTH

## MISREPRESENTATION

1.      The plaintiff repeats and realleges paragraphs 1 through 26 as recited in Count One as though fully set forth herein.

27.     Reassure made misstatements as to the administration and termination of the policy and the reasons therefore, including but not limited to Reassure's purported right to terminate the policy under the circumstances of the termination.

28.     Reassure made misstatements as to the premiums and payments due, and when due, and by its acts and conduct falsely represented to Mrs. Gilmore the premiums and payments required.

29.     Reassure made misstatements as to the legal requirement of insurability and underwriting approval.

30.     Reassure made misstatements as to the notice required for actions to be taken by the Reassure relative to the policy.

31.     Reassure knew the aforementioned statements, and each of them, were untrue, or alternatively that Reassure should have known the aforementioned statements were untrue and

-10-

were stated with a reckless disregard for the truth.

32.    That the aforementioned statements, and each of them, were made by Reassure with the intent of inducing a reliance on them by Mrs. Gilmore.

33.    That Mrs. Gilmore relied on these misstatements, and each of them, to Mrs. Gilmore's detriment, damage and injury to property.

34.    Plaintiff hereby states that she seeks emotional damages as the natural and proximate result of defendant's conduct alleged herein, as defendant should have realized that its conduct involved an unreasonable risk of causing emotional distress, and that such conduct did cause emotional distress.

### COUNT SEVENTH

### NEGLIGENT MISREPRESENTATION

1.    The plaintiff repeats and realleges paragraphs 1 through 26 as recited in Count One as though fully set forth herein.

27.    Reassure made misstatements as to the administration and termination of the policy and the reasons therefore, including but not limited to Reassure's right to terminate the policy under the circumstances of the termination.

28.    Reassure made misstatements as to the premiums and payments due, and when due, and by its acts and conduct falsely represented to Mrs. Gilmore the premiums and payments

Douglas Gilmore
Attorney at Law
11 Harding Lane
Westport, Ct. 06880
(203)226-6277

-11-

required.

29.    Reassure made misstatements as to the legal requirement of insurability and underwriting approval.

30.    Reassure made misstatements as to the notice required for actions to be taken by Reassure relative to the policy.

31.    Reassure failed to exercise reasonable care or competence in obtaining and/or communicating the aforementioned representations that contained false information, and each of them.

32.    Mrs. Gilmore has been severely damaged and subjected to pecuniary loss, caused by Mrs. Gilmore's reliance on these representations that contained false information.

## COUNT EIGHT

### PROMISSORY ESTOPPEL

1.    The plaintiff repeats and realleges paragraphs 1 through 26 as recited in Count as though fully set forth herein.

27.    Reassure engaged in conduct calculated or intended to induce Mrs. Gilmore to believe that certain facts existed and to act on that belief.

28.    Mrs. Gilmore relied upon the conduct of Reassure and acted in reliance on those facts.

Douglas Gilmore
Attorney at Law
9 Harding Lane
Westport, Ct. 06880
(203)226-6277

-12-

29.    As a result of such reliance on the conduct of Reassure,  Mrs. Gilmore has been injured and sustained damages.

### COUNT NINE

### UNJUST ENRICHMENT

1.    The plaintiff repeats and realleges  paragraphs 1 through 26 as recited in Count as though fully set forth herein.

27.    Reassure received  benefits from Mrs. Gilmore for which Reassure unjustly did not compensate Mrs. Gilmore for such benefits.

28.    Reassure's failure of payment to Mrs. Gilmore for such benefits conferred was to Mrs. Gilmore's detriment.

29.    As a result of Reassure's aforementioned conduct, Mrs. Gilmore has been injured and sustained damages.

### COUNT TEN

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

1.    The plaintiff repeats and realleges paragraphs 1 through 26 as recited in Count One as though fully set forth herein.

27.    Reassure knew or should have known that emotional distress to Mrs. Gilmore was the likely result of its conduct.

-13-

Douglas Gilmore
Attorney at Law
11 Harding Lane
Westport, Ct. 06880
(203)226-6277

28.    Reassure's conduct was extreme and outrageous.

29.    Reassure's conduct resulted in Mrs. Gilmore sustaining severe emotional distress.

30.    Reassure by its aforementioned acts has engaged in tortious conduct resulting in the intentional infliction of emotional distress of Mrs. Gilmore.

31.    As a result of Reassure's aforementioned tortious conduct, Mrs. Gilmore has been injured and sustained damages.

## COUNT ELEVEN

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

1.    The plaintiff repeats and realleges paragraphs 1 through 26 as recited in Count One as though fully set forth herein.

27.    Reassure should have known that its conduct involved an unreasonable risk of causing Mrs. Gilmore emotional distress.

28.    Reassure by its aforementioned acts has engaged in tortious conduct resulting in the negligent infliction of emotional distress of Mrs. Gilmore.

29.    As a result of Reassure's aforementioned tortious conduct, Mrs. Gilmore has been injured and sustained damages.

-14-

Douglas Gilmore
Attorney at Law
11 Harding Lane
Westport Ct. 06880
(203)226-6277

## COUNT TWELVE

### VIOLATION OF CONNECTICUT UNFAIR INSURANCE PRACTICES ACT, SECTIONS 38a-815, ET SEQ. PURSUANT TO CONNECTICUT UNFAIR TRADE PRACTICES ACT, SECTIONS 42-110a, ET SEQ.

1.     The plaintiff repeats and realleges paragraphs 1 through 26 as recited in Count One as though fully set forth herein.

27.     Reassure misrepresented premiums and amounts due under the policy.

28.     Reassure failed to provide proper notice as required by law.

29.     Reassure failed to properly bill for amounts due.

30.     Reassure failed to provide any proper lapse period.

31.     Reassure misrepresented material facts essential to maintain the policy.

32.     Reassure unlawfully terminated the policy.

33.     Reassure unlawfully demanded a test of insurability and underwriting approval.

34.     Reassure stated to Mrs. Gilmore that her policy would be reinstated, when Reassure failed to do so.

35.     Reassure secured and retained premiums for insurance coverage not provided.

36.     Reassure discriminated against Mrs. Gilmore solely based upon her age.

37.     Reassure has violated the Connecticut Unfair Insurance Practices Act, Connecticut

-15-

Douglas Gilmore
Attorney at Law
1 Harding Lane
Westport, Ct. 06880
(203) 226-6277

General Statutes §§ 36a-815, et seq., and as such the Connecticut Unfair Trade practices Act, §§ 42-110(a), et seq.

## COUNT THIRTEEN

### BREACH OF CONTRACT

1.  The plaintiff repeats and realleges paragraphs 1 through 26 as recited in Count One as though fully set forth herein.

27.  Reassure breached its contract with Mrs. Gilmore as referenced herein as to Reassure's unlawful administration and termination of the policy.

28.  Reassure's breach of its contract with Mrs. Gilmore has resulted in injury to Mrs. Gilmore, and as such Mrs. Gilmore has been damaged.

*Douglas Gilmore*
*Attorney at Law*
*1 Harding Lane*
*Westport, Ct. 06880*
*(203)226-6277*

-16-

WHEREFORE, plaintiff respectfully claims:

1.  Money damages, including but not limited to recovery of all payments made by plaintiff to defendant;

2.  Compensatory damages;

3.  Consequential damages;

4.  Punitive damages;

5.  Punitive damages pursuant to the Connecticut Unfair Trade Practices Act, § 42-110g(a);

6.  Reasonable attorneys fees, and costs of suit;

7.  Costs and reasonable attorneys' fees pursuant to the Connecticut Unfair Trade Practices Act, § 42-110g(d);

8.  Interest;

9.  Emotional damages for mental distress;

10. Such other and further relief as the Court may deem just and equitable.

-17-

Respectfully submitted,

THE PLAINTIFF
BESS GILMORE

BY _____
Douglas Gilmore
Her Attorney
11 Harding Lane
Westport, CT 06880
Telephone (203)226-6277
Juris No. 100032

ATTEST:
A TRUE COPY

CHARLES J. LILLEY
CONNECTICUT MARSHAL
HARTFORD COUNTY

-18-

RETURN DATE: JULY 19, 2005        :      SUPERIOR COURT

BESS GILMORE               :      JUDICIAL DISTRICT OF
                                        FAIRFIELD

VS.                             :      AT BRIDGEPORT

REASSURE AMERICA LIFE INSURANCE   :      JUNE 28, 2005
COMPANY

## STATEMENT IN AMOUNT IN DEMAND

The amount, legal interest or property in demand is $15,000.00 or more, exclusive of interests and costs.

THE PLAINTIFF

By _Douglas Gilmore_
Douglas Gilmore
Her Attorney
11 Harding Lane
Westport, CT 06880
Telephone (203)226-6277
Juris No. 100032

ATTEST:
A TRUE COPY

CHARLES J. LILLEY
CONNECTICUT MARSHAL
HARTFORD COUNTY

_Douglas Gilmore_
_Attorney at Law_
_11 Harding Lane_
_Westport, Ct. 06880_
_(203)226-6277_



REASSURE AMERICA LIFE INS CO
1275 SANDUSKY ROAD
JACKSONVILLE IL 62650

DOCKET NO:  CV-05-4010030S       :     SUPERIOR COURT

BESS GILMORE                  :

     Plaintiff,                 :     JUDICIAL DISTRICT OF FAIRFIELD
V.                            :      AT BRIDGEPORT

                                 :
REASSURE AMERICA LIFE INSURANCE    :
COMPANY                 :     JULY 26, 2005

     Defendant.

## NOTICE OF REMOVAL

     **PLEASE TAKE NOTICE** that Reassure America Life Insurance Company, the

defendant in the above-entitled action, has filed a petition in the United States District Court for

the District of Connecticut for removal of this action hereto.  A copy of said petition is attached

hereto.

     **PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. § 1446(e), this court "shall

proceed no further unless and until the case is remanded."

                         DEFENDANT,
                         REASSURE AMERICA LIFE
                         INSURANCE COMPANY

                         By *Helen M. Kemp*
                         Helen M. Kemp (ct14790)
                         Robinson & Cole LLP
                         280 Trumbull Street
                         Hartford, CT 06103-3597
                         Tel. No.: (860) 275-8200
                         Fax No.: (860) 275-8299
                         E-mail: hkemp@rc.com
                         Juris No.:  50604

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed, via certified mail, return receipt requested, on this 26th day of July, 2005 to the following:

Douglas Gilmore
11 Harding Lane
Westport, CT  06880

*Helen M. Kemp*
Helen M. Kemp